THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NATHAN COBBS, #R70416,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:20-cv-00618-GCS |
| ) | |
| **ROB JEFFREYS,** ) | |
| **DEANNA M. BROOKHART,** ) | |
| **WEXFORD, LAURA CUNNINGHAM,** ) | |
| **STOVER, AMY RUC,** ) | |
| **NURSE KURMICKAL,** ) | |
| **JOSHUA CRAWFORD,** ) | |
| **C/O RUFFERFORD, and BROOKES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Plaintiff Nathan Cobbs is a state prisoner currently incarcerated at Menard Correctional Center ("Menard") in the Illinois Department of Corrections ("IDOC"). He filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was confined at Lawrence Correctional Center ("Lawrence"). He claims that Defendants failed to provide him with prescription medications and seeks monetary damages.

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memoranda of Understanding between this Court and the Illinois Department of Corrections and Wexford.

out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): On June 6, 2019, he arrived at Lawrence Correctional Center and told the unnamed intake nurse about his prescription medications. (Doc. 1, p. 6). These included monthly B12 injections to prevent painful muscle spasms, migraine medication, and blood pressure medications. The nurse told Plaintiff to put in a sick call slip for these requests, and he did so that night.

On June 10, 2019, Plaintiff asked Nurse Amy Roc about the sick call list, and she told him he would be seen the next time. A week later, Plaintiff still had not been seen. He learned that sick call was held on Thursdays, so he put in another request. By that time, he was overdue for the B12 injection. Plaintiff continued to submit sick call slips and spoke with several unnamed nurses and mental health professionals (who are not named as Defendants), but still was not seen by any health care staff about his medications. An unknown person cancelled his sick call and wrongly claimed he refused to go. Plaintiff suffered physical pain and passed out because he was not given his medications. (Doc. 1, p. 6).

On July 27, 2019, Plaintiff filed an emergency grievance over the failure to provide his medications. (Doc. 1, p. 9-10). It was reviewed as an emergency matter and as a result,

Plaintiff was referred to the doctor on August 6, 2019 and was eventually given the B12 injections. (Doc. 1, p. 8, 11). The grievance officer determined that the "B12 order [was] not noted on intake 6/5/19" and recommended Plaintiff's grievance be affirmed. (Doc. 1, p. 11). The Chief Administrative Officer concurred with that recommendation. *Id.*

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following single claim in this *pro se* action:

> Count 1: From June 6, 2019 through at least August 2019, Defendants were deliberately indifferent to Plaintiff's serious medical needs, by failing to provide him with his prescription medication, despite Plaintiff's repeated submission of sick call requests and verbal requests to Nurse Roc and other unidentified nurses.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## Count 1

Plaintiff lists as Defendants nine individuals and Wexford (the company that employs prison medical staff and contracts to provide health care to inmates). (Doc. 1, p. 1-2). However, he mentions only two Defendants – Nurse Roc and Acting Warden Brookhart – in his statement of claim. (Doc. 1, p. 6). Merely invoking the name of a potential defendant in the case caption or list of Defendants is not sufficient to state a

---

[2] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). A plaintiff is required to associate particular defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *See, e.g.*, *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)(stating that a "short and plain" statement of the claim suffices under FED. R. CIV. Proc. 8 if it notifies the defendant of the principal events upon which the claims are based). Plaintiff has not stated any facts to indicate what acts or omissions on the part of Jeffreys, Wexford, Cunningham, Stover, Kurmickal, Crawford, Rufferford, or Brooks amounted to a violation of his constitutional rights. Therefore, he fails to state a claim against these Defendants upon which relief may be granted.

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Deliberate indifference requires a showing that a prison official acted or failed to act despite his/her knowledge of a serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Negligence, mistake, or even malpractice does not amount to a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). The Eighth Amendment only requires "reasonable measures to meet a substantial risk of

serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). However, a delay in treatment, particularly if it exacerbated the injury or prolonged an inmate's pain, may amount to deliberate indifference. *See Perez*, 792 F.3d at 778-779; *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Here, Plaintiff has sufficiently alleged that he suffered from serious medical conditions that required management with prescription medications. However, his factual narrative fails to suggest that any named Defendant acted or failed to act with deliberate indifference to his conditions. Plaintiff asked Nurse Roc, four days after his arrival at Lawrence, about the sick call list. She responded that he would be seen "the next time." This alone does not suggest that she was deliberately indifferent to Plaintiff's situation.

As for Acting Warden Brookhart, Plaintiff claims that she "did not oversee that [he] got adequate medical care after learning about [his] grievance and deeming [he] had not been getting [his] meds." (Doc. 1, p. 6). However, the attached grievance indicates that the Chief Administrative Officer (presumably Brookhart) responded to the grievance by agreeing with the reviewing officer's recommendation to affirm the grievance, which noted that Plaintiff had been referred to the doctor and that he be assessed for B12 injections. (Doc. 1, p. 11). This sequence of events indicates that Brookhart was not deliberately indifferent, but instead approved action to remedy the problem when presented with Plaintiff's grievance.

For these reasons, Plaintiff fails to state a viable deliberate indifference claim against any of the Defendants. Accordingly, Count 1 and the Complaint (Doc. 1) will be

dismissed without prejudice. However, Plaintiff shall be given an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

In preparing his amended complaint, Plaintiff should keep in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)(quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff is advised that while he may use a "John/Jane Doe" designation to refer to specific individuals whose names are unknown, he must still make allegations against each individual (for example, John Doe 1 did X and John Doe 2 did Y).

### DISPOSITION

**IT IS HEREBY ORDERED** that Count 1 and the Complaint (Doc. 1) are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before February 1, 2021). It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint" and should include the case number for this action (No. 3:20-cv-

00618-GCS).

In the amended complaint, Plaintiff shall specify, *by name*,[3] each Defendant alleged to be liable under Count 1, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint generally supersedes and replaces the original Complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. PROC. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir.

---

[3] Plaintiff may designate an unknown Defendant as John or Jane Doe but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

1997); *Johnson v. Kamminga*, 34 F.3d 466, 468-469 (7th Cir. 1994); 28 U.S.C. § 1915A.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.  If the First Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 4, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.01.04 09:14:06 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**