THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN COBBS, #R70416, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:20-cv-00618-GCS |
| ) | |
| ROB JEFFREYS, ) | |
| DEANNA M. BROOKHART, ) | |
| LAURA CUNNINGHAM, ) | |
| WEXFORD, ) | |
| AMY RUE, ) | |
| STOVER, ) | |
| KURMICKAL, ) | |
| RUFFERFORD, and ) | |
| JOSHUA CRAWFORD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Plaintiff Nathan Cobbs, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center. This case is now before the Court for a preliminary review of the Second Amended Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[2] *See* 28 U.S.C. § 1915A(a). Any portion of the Second Amended Complaint that is

---

[1] Plaintiff's Complaint was dismissed following screening under § 1915A, and Plaintiff was granted leave to file an Amended Complaint. (Doc. 14). While his Amended Complaint was pending review, Plaintiff filed a Second Amended Complaint.

[2] The Court has jurisdiction to screen the Second Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Memoranda of Understanding between this Court and the Illinois Department of Corrections and Wexford Health Sources, Inc. giving limited consent to the exercise of magistrate judge jurisdiction.

legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE SECOND AMENDED COMPLAINT

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 26): During intake at Lawrence Correctional Center on June 6, 2019, Plaintiff told Nurse Kurmickal that he received monthly B12 and was due for his injection. Nurse Kurmickal told Plaintiff to put in a sick call slip, and he did so that night. He was called to the nursing station on June 10, 2019 in response to his request and seen by Nurse Rue. He requested his prescribed injection and told her that he was in pain, but he did not receive the injection. He submitted kites requesting his B12 injection on June 18, June 25, and July 2, 2019 and explained that he was in pain.

Plaintiff attended recreation on July 15, 2019, and because he still had not been given his B12 injection, he lost consciousness and was on the ground for approximately 20 minutes. When he regained consciousness, he asked Correctional Officer Joshua Crawford to get him medical attention. Crawford told him that he had informed health care of the loss of consciousness. However, Plaintiff was escorted to his cell without receiving medical care. Shortly thereafter, he passed out and fell on the floor of his cell. His cellmate helped him to his bed and called for a correctional officer. Correctional Officer Rufferford came to the cell and was notified of Plaintiff's condition, but he failed to get Plaintiff medical attention. That evening, Plaintiff submitted another kite requesting his B12 injection.

Plaintiff filed an emergency grievance on July 27, 2019 over the failure to provide

his prescribed B12 injections, migraine headaches, loss of consciousness, and the failure of medical and security staff to respond to his requests for medical treatment. The Chief Administrative Officer ("CAO") granted expedited review. Plaintiff's emergency grievance was affirmed on September 3, 2019, and it was acknowledged that Plaintiff possessed a prescription for B12 injections but had not been receiving the injections. Additionally, the IDOC Director affirmed the grievance on October 9, 2019 to the extent Plaintiff was due his B12 injections but was not receiving them, and ordered the Lawrence CAO to ensure the administration of the injections. The grievance was denied to the extent Plaintiff requested compensation as that was deemed outside the scope of the IDOC Director's office.

Plaintiff submitted another emergency grievance on October 9, 2019 because he had not received his B12 injections and was suffering from migraine headaches, muscle spasms, dizziness, loss of sleep, and pain. He finally received a B12 injection on October 25, 2019, approximately one hundred and forty days after his arrival at Lawrence.

Based on the allegations in the Second Amended Complaint, the Court designates the following single claim in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Rob Jeffreys, Deanna M. Brookhart, Laura Cunningham, Wexford, Rue, Stover, Kurmickal, Rufferford, and Crawford for failing to provide Plaintiff his prescription medication and failing to respond to his requests for medical treatment.

Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as

inadequately pled under the *Twombly* pleading standard. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## PRELIMINARY DISMISSALS

Plaintiff names Laura Cunningham and Stover as defendants, but there are no factual allegations against them. To state a Section 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *See, e.g., Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014)(stating that "individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). *See also Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005)(noting that "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Absent allegations describing personal conduct by Cunningham and Stover in violation of Plaintiff's constitutional rights, claims against these individuals cannot proceed. To the extent Plaintiff seeks to hold Cunningham and Stover liable based on their administrative or supervisory positions, they may not be held liable under § 1983 on a theory of *respondeat superior* based on the unconstitutional conduct of a subordinate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Additionally, Wexford cannot be held liable based on *respondeat superior*; it can only be held liable if it had a policy or practice that caused the alleged violation of a constitutional right. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). There is nothing in the Second Amended Complaint that suggests Wexford

maintains a policy or practice that caused a violation of Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a claim against Wexford, and it will be dismissed as well.

## DISCUSSION

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that: (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the Second Amended Complaint are sufficient to proceed on the deliberate indifference claim in Count 1 against Rue, Rufferford, and Crawford but not against Kurmickal, Deanna M. Brookhart, and Rob Jeffreys. Plaintiff saw Kurmickal at intake, and Kurmickal told Plaintiff to submit a sick call regarding his injection. There is nothing about this encounter that suggests deliberate indifference. As for Warden Brookhart and IDOC Director Jeffreys, their only involvement was in the grievance process. The allegations and attached grievance documents show that they were not deliberately indifferent, but instead approved action to remedy the problem when presented with Plaintiff's grievance. Further, they may not be held liable under § 1983 on a theory of *respondeat superior* based on the unconstitutional conduct of a subordinate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, Kurmickal, Brookhart, and Jeffreys

will be dismissed.

## DISPOSITION

The Second Amended Complaint survives preliminary review under 28 U.S.C. § 1915A on the Eighth Amendment deliberate indifference to serious medical needs claims in Count 1 against Rue, Rufferford, and Crawford. Defendants Laura Cunningham, Stover, Wexford, Kurmickal, Rob Jeffreys, and Deanna M. Brookhart are **DISMISSED** without prejudice for failure to state a claim**,** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk of Court shall prepare for Rue, Rufferford, and Crawford: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court

file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Second Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a **continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address**; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Second Amended Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  May 20, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.05.20 11:15:16 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Second Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.