UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN COBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00618-GCS |
| | ) |
| AMY RUE, JOSHUA CRAWFORD, and | ) |
| CHAD RUTHERFORD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Nathan Cobbs, an inmate recently confined in the custody of the Illinois Department of Corrections ("IDOC") at Menard Correctional Center ("Menard"), brought suit against the defendants on June 25, 2020. (Doc. 1). Though Defendants mailed their initial disclosures to Plaintiff on September 4, 2021, Plaintiff did not respond. (Doc. 51, p. 1). Instead, Menard officials returned the disclosures to the defendants, stating that Plaintiff was paroled on August 6, 2021. *Id*. Plaintiff did file a notice of change of address with the Court, nor did he provide an updated address to the Court.

Defendants filed a motion to dismiss this case for failure to prosecute on September 24, 2021. (Doc. 51). Although the Court directed Plaintiff to respond to the motion on or before October 24, 2021, Plaintiff did not do so. (Doc. 52). The order setting this deadline was returned as undeliverable. (Doc. 54). The Court then held a status conference to discuss the motion to dismiss on November 16, 2021. (Doc. 56). However, Plaintiff did not appear. *Id*. Accordingly, the Court directed Plaintiff to show cause in

Page **1** of **5**

writing within twenty-one days of the status conference for his failure to appear. *Id*. This order was also returned as undeliverable, and Plaintiff did not show cause by the appropriate deadline. (Doc. 57). That deadline has now passed, and Plaintiff has neither shown cause nor asked for an extension by which to do so.

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1.  "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This Court has approximately 140 cases pending before it. The expedient resolution of both this case and the numerous other cases on the Court's docket requires that the Court enforce its deadlines and the stated consequences for failing to meet those deadlines. Furthermore, although Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so, Plaintiff is nevertheless required to comply with Court orders and the local rules, including the obligation to notify the Court of any change in address. *See* SDIL-LR 3.1(b).

Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. *See* FED. R. CIV. PROC. 41(b). A dismissal under this rule is as an adjudication on the merits. *Id.* Although Plaintiff is proceeding *pro se*, and the Court is mindful of the

difficulties he faces in doing so, Plaintiff is nevertheless required to comply with Court orders and the local rules. *See* SDIL-LR 3.1(b). Accordingly, the Court **DISMISSES** this action **with prejudice** pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court advises Plaintiff as follows. Plaintiff has two means of contesting this order: he may either request this Court review this order, or he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request this Court review this order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) why the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Northwestern Med. Faculty Foundation, Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)(stating that a party must establish either manifest error of law or fact, or that newly discovered evidence precluded entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be tolled. *See* FED. R. APP. PROC. 4(a)(4). The

clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal from the entry of judgment or order appealed from *within 60 days*. *See* FED. R. APP. PROC. 4(a)(1)(B) (emphasis added). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012)(explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011)(explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). He will then be required to make

monthly payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: December 16, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.12.16 11:32:35 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**